United States District Court
District of Minnesota
Fourth Division

---

Equal Employment Opportunity Commission,

Plaintiff,

v.

Civil No. 00-34 DSD/JMM

Holiday Inn Express Hotel and Suites, Inc.

Defendant.

---

## CONSENT DECREE

---

1. This Consent Decree (the "Decree") is made and entered into between Plaintiff Equal Employment Opportunity Commission ("EEOC") and Defendant, Holiday Inn Express Hotel and Suites, Inc,. located at 225 Eleventh Street, Minneapolis, Minnesota ("Holiday Inn). Unless expressly stated otherwise, all references to Holiday Inn shall refer only to the location identified in the preceding sentence.

2. On January 6, 2000, the EEOC initiated this action by filing its Complaint against Holiday Inn. The EEOC's Complaint alleged that Holiday Inn violated Section 704(a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a), by retaliatorily reporting employees of Mexican national origin to the Immigration and Naturalization Service because they had opposed practices made unlawful by Title VII. The EEOC's Complaint further alleged that Holiday Inn violated Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by denying Mexican workers in its housekeeping department wage increases after 90 days, subjecting them to more rigorous monitoring and work completion schedules than non-Mexican employees, and denying them breaks on the same basis made available to non-Mexican employees.

3. Holiday Inn has denied the allegations made in the EEOC's Complaint, and has further denied that it has engaged in any form of retaliation or discrimination prohibited by Title VII.

4. In the interest of resolving this matter without undue delay, the EEOC and Holiday



1-11-00
1-11-00

Inn have engaged in settlement negotiations, and agreed that this action should be resolved by the entry of this Decree. By so stipulating, and with the express understanding reflected in paragraph 3 above, Holiday Inn waives its right to file an Answer or otherwise respond, and waives any administrative prerequisites to suit. This Decree shall not constitute an admission of wrongdoing by Holiday Inn or an adjudication on the merits of the case.

5. The EEOC and Holiday Inn agree that this Decree resolves the EEOC's claims that Holiday Inn violated Section 704(a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a), by retaliatorily reporting employees of Mexican national origin to the Immigration and Naturalization Service in October 1999, because they had opposed practices made unlawful by Title VII. The EEOC and Holiday Inn further agree that this Decree resolves the EEOC's claim that, up until October 13, 1999, when the INS arrested Mexican employees who lacked legal permission to work in the United States and who were unlawfully employed in its housekeeping department, Holiday Inn violated Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) as follows: by denying Mexican workers in its housekeeping department wage increases after 90 days; by subjecting Mexican workers in its housekeeping department to more rigorous monitoring and work completion schedules than non-Mexican employees; and by denying Mexican employees in the housekeeping department breaks on the same basis made available to non-Mexican employees. The EEOC specifically agrees that, in consideration of the terms of this Decree, it will not bring suit or intervene in an action at the location stated above which raises the same claims resolved by this Decree, and that, in recognition of a parallel investigation by the Minneapolis Civil Rights Department ("MCRD"), it will obtain a similar commitment from the MCRD. However, nothing in this paragraph limits the rights of the EEOC to enforce this Decree, to investigate charges not resolved by this Decree, or to bring an action for any claims arising after the date this Decree is executed by the EEOC and Holiday Inn. Timely execution of this Decree is a material term of the Decree, and timely execution shall be deemed to be two business days after agreement on the final terms of the Decree is reached by the parties.

6. This Decree constitutes the complete agreement between the EEOC and Holiday Inn. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing, approved by the EEOC and Holiday Inn, and approved by the Court or ordered by the Court.

NOW, THEREFORE, based upon the pleadings and stipulations of the EEOC and Holiday Inn, it is ORDERED, ADJUDGED AND DECREED THAT;

7. This Court has jurisdiction over the subject matter of this action and over the EEOC and Holiday Inn for purposes of entering and enforcing this Decree.

8. The terms of this Decree are adequate, reasonable, and equitable.

9. This Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will serve the public interest.

Duration of Consent Decree

10. The duration of this Decree shall be one year from the date of entry of the Decree. During that time, the Court shall retain jurisdiction over this matter and the EEOC and Holiday Inn for purposes of enforcing compliance with this Decree, including issuing such orders as may be required to effectuate its purposes.

General Injunctive Provisions

11. Retaliation. Holiday Inn, its officers, agents, management , including its parent company, owners, subsidiaries and affiliated companies, and any of their directors, officers, agents, employees, successors and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee of Holiday Inn, or applicant for employment with Holiday Inn, because he or she has opposed any practice made unlawful by Title VII, or because he or she has filed a charge of discrimination with the EEOC, or testified or participated in any manner in any investigation, proceeding, or hearing relating to this case; asserted any rights under this Decree; or sought and/or received any monetary or other relief in accordance with this Decree. Without limiting the above, Holiday Inn shall not retaliatorily report Mexican employees or other undocumented workers to the Immigration and Naturalization Service because they have opposed practices made unlawful by Title VII, and shall take prompt action to communicate this policy to all managers and supervisors, and to provide appropriate follow-up training as necessary. Holiday Inn shall communicate this policy as referenced above within five business days of execution of this Decree, and simultaneously certify to the EEOC that it has complied with this portion of the Decree.

12. Nondiscrimination. Holiday Inn, its officers, agents, management , including its parent company, owners, subsidiaries and affiliated companies, and any of their directors, officers, agents, employees, successors and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing or permitting any action, policy or practice which discriminates against employees based on their national origin. In particular, Holiday Inn employees shall receive wage increases without regard to national origin; be assigned to work, schedules, and supervised without regard to national origin; be provided breaks without regard to national origin; and considered for hire without regard to national origin. Holiday Inn shall ensure that employees who do not speak English are informed of all company policies and practices in their native language, through the use of a qualified interpreter.

Monetary Relief

13. Holiday Inn shall pay the gross sum of $72,000 in recognition of all individual monetary claims made by the EEOC in this action. The $72,000 shall be allocated in the amount of $8,000 each, as compensatory damages. Prior to receiving the $8,000 payment, each individual shall sign the individual waiver which is attached as Exhibit A.

The checks for $8,000 net shall be made payable to each of the following individuals, with a copy simultaneously provided to the undersigned counsel for the EEOC:

1. Amado Flores;
2. Norma del Toro, a/k/a Emma Gonzales;
3. Estela Albino;
4. Evertina Albino;
5. Rosa Albino;
6. Reyna Albino;
7. Bulfrano Albino;
8. Bruna Albino;
9. Francelia Albino.

14. Checks shall be delivered to each of the nine individuals at the same time that Holiday Inn receives the waiver, or no later than within three days of the time that Holiday Inn receives a signed waiver. Checks may be delivered to each person individually or their counsel, Centro Legal.

Non-Monetary Relief

15. Within 14 days of approval of this Decree by the Court, Holiday Inn shall audit all of its policies and procedures to ensure that they are communicated on a timely basis to all of its English and non-English speaking employees, and shall simultaneously certify to the EEOC that this audit has been completed, and that Holiday Inn is in compliance with this Decree. Holiday Inn shall ensure that it is in compliance with this paragraph for at least the time period of this Decree, and one week before this Decree expires, Holiday Inn shall again re-certify compliance to the EEOC.

16. Within 30 days of approval of this Decree by the Court, Holiday Inn shall provide training to all of its managers, supervisors, and lead workers relating to the requirements of Title VII, particularly those which relate to nondiscrimination based on national origin with respect to hiring, wages, job assignment, harassment, and terms and conditions of employment. The training shall also address the non-retaliation provisions of Title VII. The EEOC shall be provided with advance notice of the name and qualifications of the trainer, and the right to approve the selection of the trainer, which consent shall not be unreasonably withheld. The EEOC shall also be given advance notice of the date, time, and location of the training, and the right to attend as a silent observer.

17. Without diminishing recordkeeping requirements which already exist by law, Holiday Inn shall maintain records of its employees relating to rate of pay, overtime, job assignment, and each individual's national origin, and shall provide access and copying to the EEOC of these documents upon five business days notice. In addition, Holiday Inn shall maintain all job applications and related hiring or interview materials, and provide access and copying to the EEOC of these documents upon five business days notice. Finally, Holiday Inn

shall allow the EEOC to interview its managers and employees to ensure compliance with this Decree, upon ten business days notice.

18. The EEOC shall include in any press release describing this Decree a quotation from Holiday Inn reflecting its position in this case.

19. Within seven days after entry of this Decree, Holiday Inn shall post a notice in the form of Exhibit B, in the languages spoken by its employees, in a conspicuous location in its workplace, to be posted for 60 days.

Other General Provisions

19. Counterparts. This Decree may be executed in one or more counterparts, and each executed copy shall be deemed an original which shall be binding upon all parties.

20. Integration. This Decree constitutes the entire agreement between the EEOC and Holiday Inn, and supersedes all negotiations, representations, or writings prior to the date of this Decree.

SO ORDERED, ADJUDGED AND DECREED this 11th day of January, 2000.

United States District Court Judge

For Equal Employment Opportunity Commission

C. Gregory Stewart
General Counsel

Gwendolyn Young Reams
Associate General Counsel
1801 L Street N.W.
Washington, D.C. 20507

Jean Kamp
Acting Regional Attorney

Rosemary Fox
Supervisory Trial Attorney

Milwaukee District Office
310 West Wisconsin Avenue, Suite 800
Milwaukee, Wisconsin 53203-2292

Lloyd B. Zimmerman (#12008x)
Senior Trial Attorney
330 Second Avenue, Suite 430
Minneapolis, Minnesota 55401
(612) 335-4046

For Holiday Inn

Chief Executive Officer

J. Michael Colloton
Moss & Barnett
4800 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402-4129
(612) 347-0259

Lloyd B. Zimmerman (#12008x)
Senior Trial Attorney
330 Second Avenue, Suite 430
Minneapolis, Minnesota 55401
(612) 335-4046

For Holiday Inn

Chief Executive Officer

J. Michael Colloton
Moss & Barnett
4800 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402-4129
(612) 347-0259

**(This is the General Release)**

## Cesión General

Los partes suscritos concuerdan aceptar la oferta del Holiday Inn Express and Suites a hacer un cierto pagamiento en conexión con la terminación de su empleo el 13 de Octubre 1999.

1) Consideración En consideración por ejecutando este acuerdo, Holiday Inn Express and Suites entregará $8,000.00 a cada uno del nombardo partes suscritos. Cada de los partes será responsable para pagando los impuestos apropriados.

2) Cesiones En consideración de este pagamiento, los partes suscritos por la presente renuncian el Holdiay Inn Express and Suites (incluyendo su compañía principal, los dueños, los subsidarios y las compañías afiliadas con el Holiday Inn Express and Suites) y cualquier de sus directores, oficiales, agentes, y empleados, de todas las causas de acción, denuncias, deudas u otros contratos y acuerdos que ellos o sus herederos tengan por cualquiera causa hasta esta fecha, incluyendo pero no está limitado a cualquieras y todas denuncias directamente o indirectamente relatando a su empleo, incluyendo las denuncias bajo las leyes federales, estatales, y locales prohibiendo la discriminación de empleo (incluyendo pero no está limitado al orígen nacional y la ciudadanía y todas las otras formas de discriminación). Este cesión incluye específicamente pero no está limitado a las denuncias que se origina bajo el Título VII de la Ley de Derechos Civiles, la Ley de Derechos Humanos de Minnesota, y la Ordenación de Derechos Civiles de Minneapolis.

2a) En consideración de este pagamiento, los suscritos también renuncian específicamente cualquiera denuncia por cualquier pagos, beneficios o compensación de cualquier tipo a causa de la terminación de su empleo y en adicón, renuncian específicamente cualquier derecho a la

reingreso a sus trabajos anteriores.

3) No-Admisión Los suscritos también entienden y concuerdan que esta oferta y acuerdo de parte de la compañía no constituye o es una admisión de cualquiera violación de cualquier estatuto estatal o federal, o principio de la ley común, una breacha de cualquier acuerdo, expreso o implicito, o que ha comprometido en malas acciones.

4) Acuerdo Completo Los suscritos reconocen y representan que no promesa o representación que no está contenido en este Acuerdo les ha estado ofrecido a ellos y reconocen y representan que este Acuerdo contiene el entendimiento entero entre los partes y contiene todos los términos y condiciones perteneciendo al compromiso y el acuerdo de los disputos que se originan de la terminación de su empleo.

5) Ejecución Entendido y Voluntario Los partes hasta ahora reconocen que han leído este Acuerdo, que ellos entienden completamente sus derechos, privilegios y obligaciones por debajo y que ellos entran en el Acuerdo libremente y voluntariamente. Ellos reconocen más que han consultado con abogados de su escogimiento para explicarles los términos de este Acuerdo y las consecuencias de firmándolo.

**In the signature section, in place of "Date," put "Fecha."**

**January 3, 2000**

# GENERAL RELEASE
## (EEOC Charge 265 A00116)

The undersigned parties agree to accept the offer of Holiday Inn Express and Suites to make a certain payment in connection with the termination of their employment on October 13, 1999.

1. Consideration. In consideration for executing this agreement, Holiday Inn Express and Suites will deliver $8,000.00 to each of the named undersigned. Each of the parties will be responsible for paying the appropriate taxes.

2. Releases. In consideration of this payment, the undersigned parties hereby release the Holiday Inn Express & Suites (including its parent company, owners, subsidiaries and affiliated companies) and any of their directors, officers, agents and employees, from all causes of action, claims, debts or other contracts and agreements which they or their heirs may have for any cause up to this date, including but not limited to any and all claims directly or indirectly relating to their employment, including those under federal, state and local laws prohibiting employment discrimination (including but not limited to national origin and citizenship and all other forms of discrimination). This release specifically includes but is not limited to claims arising under Title VII of the Civil Rights Act, the Minnesota Human Rights Act and the Minneapolis Civil Rights Ordinance.

In consideration of this payment, the undersigned also specifically waive any claim for any wages, benefits or compensation of any kind because of the termination of their employment and in addition, specifically waive any right to reinstatement of their former jobs.

3. Non Admission. The undersigned also understand and agree that this offer and agreement on the part of the company does not constitute or is an admission of any violation of any state or federal statute, or principle of common law, breach of any agreement, express or implied, or that it has engaged in any wrongdoing.

4. Complete Agreement. The undersigned acknowledge and represent that no promise or representation not contained in this Agreement has been made to them and acknowledge and represent that this Agreement contains the entire understanding between the parties and contains all terms and conditions pertaining to the within compromise and settlement of the disputes arising out of the termination of their employment.

5. Knowing and Voluntary Execution. The parties hereto acknowledge that they have read this Agreement, that they fully understand their rights, privileges and

duties thereunder and that they enter into the Agreement freely and voluntarily. They further acknowledge that they have consulted with attorneys of their choice to explain the terms of this Agreement and the consequences of signing it.

____________________________
Rosa Albino
Date.________________________

____________________________
Evertina Albino
Date:________________________

____________________________
Reyna Albino
Date:________________________

____________________________
Norma del Toro, a/k/a Emma Gonzales
Date:________________________

____________________________
Bulfrano Albino
Date:________________________

____________________________
Bruna Alvarez
Date:________________________

____________________________
Estella Albino
Date:________________________

____________________________
Amado Flores
Date:________________________

____________________________
Francilia Albino
Date:________________________

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Minneapolis Area Office
330 South Second Avenue, Suite 430
Minneapolis, MN 55401-2224
(612) 335-4040
TTY (612) 335-4045
FAX (612) 335-4044

# NOTICE TO ALL EMPLOYEES
# POSTED PURSUANT TO A CONSENT DECREE

This notice has been posted pursuant to an Order of the Court, approving the Consent Decree entered in resolution of a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC) against Holiday Inn Express Hotel and Suites ("Holiday Inn") in the federal district court for the District of Minnesota. The Consent Decree resolves the EEOC's claims that Holiday Inn discriminated against employees of Mexican national origin in the housekeeping department with respect to breaks, salary increases, and working conditions, and that Holiday Inn retaliated against such employees by contacting the Immigration and Naturalization Service because Mexican employees opposed alleged practices made unlawful by Title VII.

The Consent Decree was entered into voluntarily by Holiday Inn and does not represent a finding or admission that the company has violated the law or engaged in wrongdoing.

The Consent Decree provides for the payment of $72,000 to be divided equally among nine former employees, an injunction against retaliation and discrimination, a provision that policies and practices will be communicated in a language understandable to Holiday Inn employees, training for managers and supervisors, and commitments to maintain certain records and permit interviews of employees over the length of the Consent Decree.

Federal law and the Consent Decree prohibit retaliation against any individual who has opposed any practice made unlawful under Title VII, or who has filed a charge of discrimination with the EEOC, or testified or participated in any manner in any investigation, proceeding, or hearing under Title VII. Federal law and the Consent Decree further prohibit retaliatory reporting to the Immigration and Naturalization Service of Mexican employees or other undocumented workers, because they have engaged in protected activity under Title VII.

Federal Law and the Consent Decree also prohibit discrimination based on national origin, and require that wage increases, job assignments, breaks, hiring, and other employment decisions be made without regard to national origin.

Employees have the right to bring complaints of discrimination or retaliation to the EEOC at 330 Second Avenue South, Suite 430, Minneapolis, Minnesota 55401 (612) 335-4040.

---

**This is an official notice and shall not be defaced by anyone. This official notice shall not be altered or obstructed by other material.**